IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TAMMY DENSMORE                                                    PLAINTIFF

VS.                                      NO. <u>4-05-CV-00770 WRW</u>

PILGRIM'S PRIDE CORPORATION                                      DEFENDANT

## AMENDED COMPLAINT

Comes the Plaintiff, by and through counsel, and for her Amended Complaint, she states:

1.      Plaintiff is a resident and citizen of Arkansas, who worked for the Defendant at its place of business in Clinton, Arkansas.  Defendant is a foreign corporation authorized to do business in the State of Arkansas who, during each calendar week in 2002, 2003, and 2004, employed more than fifty (50) employees at Plaintiff's former worksite.  This action is brought under the FMLA, 29 USC 2654, the pregnancy discrimination act, and the Arkansas Civil Rights Act of 1993.  This Court has subject matter jurisdiction under 28 USC 1331.  Venue is proper under 28 U.S.C. § 1391(b).  This Court has personal jurisdiction over the parties.

## GENERAL ALLEGATIONS OF FACT

2.      Plaintiff is a female.

3.      Plaintiff was hired on or about January 7, 2002.

4.      At all times relevant, Plaintiff performed her job satisfactorily.

5.      On May 20, 2003, Plaintiff was terminated.

6.      Plaintiff was eventually reinstated on October 13, 2003, but Defendant did not pay Plaintiff her back pay.

7.      The May 20, 2003 termination used, as a factor, leaves that were protected by the FMLA.

8.      Nonetheless, after Plaintiff returned to work in October of 2003, she became pregnant.  In late May 2004, Plaintiff began having contractions at work.

1

9.      Defendant's nurse released Plaintiff from work, and Plaintiff went to her doctor's office, and he released her from work until June 1, 2004 for more than three calendar days.

10.     When Plaintiff returned to work, Defendant terminated her employment.

11.     Defendant terminated Plaintiff's employment using, in part, leave protected by the FMLA as a factor.

12.     Plaintiff was later returned to work.

13.     Plaintiff had absences which ought to have been protected under the FMLA absent the Defendant's illegal conduct, as they were for the serious health condition of a spouse or child.

14.     Plaintiff was terminated.

## COUNT I

15.     Plaintiff re-alleges the foregoing as if fully set out herein.

16.     At all times from January 8, 2003 forward, Plaintiff had worked for the Defendant for more than a year at a location where the Defendant employed fifty (50) or more employees during each calendar week of 2003 through 2006, in an industry affecting interstate commerce.

17.     On each day from January 7, 2003 forward, Plaintiff had worked for the Defendant for more than 1250 hours in the year preceding each such day, or she would have done so, if she had not been illegally terminated in May of 2003 and May of 2004. Accordingly, Plaintiff was an eligible employee, as that term is defined by the FMLA.

18.     By virtue of the facts alleged herein, Defendant was an employer covered under the terms of FMLA.

19.     On each instance Plaintiff required leave protected by the FMLA, Plaintiff gave timely and proper notice. Indeed, Plaintiff suffered from a serious medical condition, as that term is defined by the FMLA and implementing regulations. Plaintiff's health required to consult a doctor on more than two occasions, receive a continuing treatment or a course of prescription medication, and to be episodically and chronically incapable of performing the essential

2

functions of her job.  Some of these episodes lasted more than three calendar days.  Some were for a pregnancy.

20.    Notwithstanding this timely and proper notice of need for leave, Defendant failed to grant Plaintiff FMLA leave or, alternatively, used leave protected by the FMLA as a negative factor in violation of the FMLA.

21.    Accordingly, the Defendant has interfered in the exercise of Plaintiff's rights under the FMLA, as well as denied her FMLA leave.

22.    Specifically, Defendant's termination of Plaintiff on May 20, 2003, constitutes an interference with the exercise of Plaintiff's FMLA leave rights.

23.    Indeed, Plaintiff's last termination in June of 2004, constitutes denial of FMLA leave, as well as an interference with the exercise of Plaintiff's FMLA leave.

24.    Plaintiff's termination in the Summer of 2006, constitutes denial of FMLA leave, interference, retaliation, and denial of reinstatement under the FMLA.

25.    Alternatively, Plaintiff alleges that Defendant has routinely allowed other individuals who have not requested FMLA leave, but who have exceeded 12 points, to remain working.  Accordingly, Plaintiff alleges that Defendant has retaliated against her for the exercise of her rights under the FMLA.

26.    As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, incurred medical bills that would not have otherwise have been incurred, and incurred other special damages in an amount to be proved at trial.

27.    All of the Defendant's actions have been willful.

## COUNT II

28.    Plaintiff re-alleges the foregoing as if fully set out herein.

3

29.     Plaintiff timely filed a charge of discrimination with the EEOC alleging pregnancy discrimination regarding her June 2004 termination and filed this action within ninety (90) days of receiving her right to sue letter.

30.     In June, 2004, Plaintiff was pregnant.

31.     However, Defendant did not discharge people who were not pregnant, who exceeding 12 points, under similar circumstances.  Accordingly, Defendant has discriminated against Plaintiff in violation of the pregnancy discrimination act.

32.     In addition, Defendant has now terminated Plaintiff for conduct protected by federal law in the form of a lawsuit against Defendant, which has survived summary judgment, and has accordingly committed retaliation for complaints of pregnancy discrimination under the Arkansas Civil Rights Act.

33.     As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, loss of wages, loss of fringe benefits, incurred medical bills, and incurred other special damages, incurred medical bills, and incurred other special damages in an amount to be proved at trial.

34.     Defendant's actions have been so egregious as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory and punitive damages under Count II, for lost wages and benefits under both counts, for liquidated damages under Count I, for reinstatement of front pay, for an injunction requiring the Defendant implement the FMLA, stop discriminating based on pregnancy, stop retaliating for complaints of discrimination or violation of the FMLA, alter its handbooks and procedures as needed to comply with the FMLA, remove all negative materials related to plaintiff's terminations from her file, remove all points incurred that were based on FMLA protected leave or pregnancy, for reasonable attorney's fees, for a trial by jury, for costs, and for all other proper relief.

Respectfully submitted,

HARRILL & SUTTER, PLLC
Attorneys at Law
310 Natural Resources Drive
Post Office Box 26321
Little Rock, Arkansas 72221-6321
501/224-1050


By:     */s/ Lucien Gillham*
        Lucien Gillham, Ark. Bar No. 99199


## CERTIFICATE OF SERVICE

I hereby certify that on this, the 20th day of November 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gordon S. Rather, Jr.
Wright, Lindsey & Jennings - Little Rock
*grather@wlj.com*

Michelle Marie Kaemmerling
Wright, Lindsey & Jennings - Little Rock
*mkaemmerling@wlj.com*

William Stuart Jackson
Wright, Lindsey & Jennings - Little Rock
*wjackson@wlj.com*

                        */s/ Lucien Gillham*
                        Lucien Gillham
                        *lgillham@aristole.net*
                        *rautry@arirostle.net*


G:\DOC\DENSMORE\CPLTAMD.DOC