**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**TAMMY DENSMORE**
                          **PLAINTIFF**

**v.**          **4:05CV00770-WRW**

**PILGRIM'S PRIDE CORPORATION**         **DEFENDANT**

## ORDER

   Pending is Defendant Pilgrim's Pride Corporation's Motion for Reconsideration.[1] Plaintiff Tammy Densmore filed a Response.[2]

   An Order was entered in this case, denying in part and granting in part, Defendant's Motion for Summary Judgment.[3] Defendant asks that I reconsider my finding regarding Plaintiff's pregnancy discrimination claim, and argues that I should have dismissed the claim because non-pregnant employees, who allegedly received more favorable treatment, were not similarly situated to Plaintiff in all relevant respects.[4]

   When determining whether a non-protected employee is similarly situated to a protected employee, the individuals used for comparison must have dealt with the same supervisor, have

---

[1] Doc. No. 70.

[2] Doc. No. 71.

[3] Doc. No. 63.

[4] *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000).

been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.[5]

Defendant argues that Plaintiff did not engage in the same conduct as the comparison employees, because she had already been suspended for absenteeism and had signed a return-to-work agreement.[6] According to Defendant, the return-to-work agreement represented Plaintiff's last chance to correct her absenteeism. Thus, Defendant argues that the comparison employees had not engaged in the same level of misconduct. I disagree.

There is evidence that the return-to-work agreement was the result of a grievance process that ended in Plaintiff's favor. A jury could conclude that the return-to-work agreement was designed to place Plaintiff in the same position as her co-employees with respect to accumulating any further absences. In view of this, there is enough evidence to create an issue of material fact that Plaintiff's pregnancy was a motivating factor in her termination.

Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED this 5th day of January 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5]*Clark*, 218 F.3d at 918 (8th Cir. 2000) *citing Lynn v. Deaconess Med. Ctr.-W. Campus*, 160 F.3d 484, 487-88 (8th Cir. 1998).

[6]Doc. No. 16, Ex. 17.